Case 1:16-cv-02838-GLR   Document 33   Filed 01/16/18   Page 1 of 8



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES HUPP | * | |
|     Plaintiff | * | |
| v. | * | Civil Action No. 1:16-CV-02838 |
| UNITED STATES OF AMERICA d/b/a UNITED STATES POSTAL SERVICE | * * | |
|     Defendant | * | |

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff, James Hupp, by his attorneys, Wendy L. Shiff, and Bekman, Marder & Adkins, LLC, hereby submits this memorandum of law in opposition to the Motion for Summary Judgment filed by the Defendant, United States of America, d/b/a United States Postal Service ("USPS"), respectfully requesting that this Honorable Court deny the Motion for Summary Judgment as there are issues of material fact in dispute and Defendant is not entitled to judgment as a matter of law.

### I.    INTRODUCTION

This is a negligence case filed pursuant to the Federal Tort Claims Act (FTCA). On August 18, 2014, Plaintiff was traveling home from his employment on his motorcycle when a USPS truck backed into him, causing serious and permanent injuries to his left leg and foot. Defendant's motion asserts that Plaintiff's claims are barred as a matter of law by the doctrines of contributory negligence and assumption of the risk. For the reasons set forth below, summary judgment must be denied because a genuine issue of fact exists as to the sequence of events.

## II.  ARGUMENT

### A. Summary Judgment Standard of Review

Summary judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law. FED. R. CIV. P. 56(a). The movant bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmovant need only set forth facts sufficient to show that that there is a genuine issue for resolution by the factfinder. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmovant is not obligated to prove in its favor an issue of material fact. *Id.* at 248-49.

When considering a motion for summary judgment, the court must view all evidence in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). An issue of fact is genuine if a reasonable factfinder could return a verdict for the nonmoving party. *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015) (internal quotation marks omitted). Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits. *Id.* When determining whether summary judgment is appropriate, the court cannot weigh the evidence or make credibility determinations. *Id.* at 569; see also FED. R. CIV. P. 56 Advisory Committee's Note (1963) ("Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate.").

### A. Genuine Issue of Fact Exists

Defendant's Motion for Summary Judgment asserts that Plaintiff's action to proceed

down Avery Court when he knew or should have known that the USPS truck was backing up bars recovery, whether through the doctrine of contributory negligence or assumption of the risk. The Court must reject this argument because, viewing all the evidence in the light most favorable to Plaintiff, at a minimum, a genuine issue of fact exists as to whether the USPS truck was reversing prior to Plaintiff proceeding behind it on Avery Court.

There is no dispute of fact that Plaintiff was traveling on Avery Road approaching its intersection with Avery Court when he initially observed the USPS truck. It is undisputed that Plaintiff turned right onto Avery Court. There is no dispute that Avery Court is approximately 30 feet wide. There is no dispute that the distance from Avery Court to the accident scene is not long. There is, however, a dispute whether the USPS truck was moving in reverse at the time Plaintiff initially observed the truck and proceeded onto Avery Court. Plaintiff consistently testified that the USPS truck did not back up until Plaintiff was directly behind it and unable to avoid being hit. (Exhibit 1; Affidavit of James Hupp; paragraphs 1-7; Exhibit 2; Deposition of James Hupp; pp. 19:3-8; 22:5-12). Defendant asserts the exact opposite – that the USPS truck was backing up prior to Plaintiff proceeding behind it and that Plaintiff should not have proceeded. This case may turn on the issue of witness credibility. However, determinations regarding the credibility of conflicting testimony are reserved for the factfinder and not appropriate for a summary judgment motion. *Anderson,* 477 U.S. at 255. Accordingly, Defendant's motion must be denied because a genuine issue of material fact exists as to the sequence of events.

In short, Defendant's position is that the USPS truck must have been backing up when Plaintiff turned onto Avery Court. At best this is an inference from the occurrence or scene of the accident as there is no direct evidence supporting this position. Plaintiff has testified that

3

when he approached the intersection, the postal truck was parked perpendicular to the far curb and not moving (Exhibit 1; paragraphs 2 and 3). Plaintiff did not see any brake lights or tail lights illuminated (Exhibit 1; paragraph 4). Further, the driver of the USPS truck has no information about Plaintiff's location when he was backing up; he testified at deposition that he was unaware of Plaintiff until the impact occurred (Exhibit 3; Deposition of Joseph Gosk; p. 22; lines 16-21).

Contrary to Defendant's assertion, Plaintiff does not rely on "speculation" or a "scintilla of evidence" to support his position that the USPS truck was not backing up until Plaintiff was directly behind it. Plaintiff observed the entirety of the events leading up to the accident (Exhibit 1; paragraphs 1-9). On the other hand, Mr. Gosk's testimony presents no evidence as to when the USPS truck was backing up relative to Plaintiff's turn onto Avery Court because Mr. Gosk did not observe the Plaintiff's location at any point prior to the accident. Mr. Gosk testified that he did not see or hear Plaintiff on his motorcycle prior to the time of impact (Exhibit 3 at 22: 16-21) and was unaware of Plaintiff's existence until he felt the impact from the accident. (Exhibit 3 at 22:22; 23:1). The testimony of a party about his observations at the scene is not a scintilla of evidence as the Defendant suggests. The only testimony about the relative locations of the vehicles is from Plaintiff. It would be outside the providence of the court, at this juncture, to determine that Mr. Gosk's version of the facts was more credible than that of Plaintiff. Indeed Plaintiff's deposition and affidavit testimony is consistent with his comments to the investigating officer at the time of the occurrence (Exhibit 4; Police Report). The investigating officer wrote, "I was able to interview the driver of Unit #2 [Hupp], he advised that he pulled on to Avery Court and observed Unit #1 [USPS] up near the curb area. He observed Unit #1 begin to back up and he quickly tried to get out of the way, however, he was then struck by Unit #1." (Exhibit 4).

4

At a minimum, there is a dispute of material facts which mandates denial of the motion for summary judgment.

## B. Plaintiff Was Not Contributorily Negligent as a Matter of Law

The issue of contributory negligence is generally not susceptible to summary adjudication. *Meyers v. Lamer*, 743 F.3d 908, 914 (4th Cir. 2014); *see also Campbell v. Balt. Gas & Elec. Co.*, 95 Md.App. 86, 619 A.2d 213, 216 (Md.Ct.Spec.App.1993) ("Ordinarily, the question of whether the plaintiff has been contributorily negligent is for the [finder of fact] to decide."). Where the minds of reasonable persons differ, the court is not justified in deciding contributory negligence as a matter of law. *Williamson Truck Lines, Inc. v. Benjamin*, 244 Md. 1, 7 (1966).

If the factfinder determines that Plaintiff did observe the USPS truck not moving (and appear to be parked), then the factfinder could reasonably conclude that Plaintiff was not contributorily negligent by proceeding to drive down Avery Court. Plaintiff testified that he proceeded in an "extremely slow" manner (Exhibit 2; p. 19; lines 19:9-24) as he observed the USPS truck, looking for signs of movement, including the illumination of brake or tail lights. (Exhibit 1; Exhibit 2; p. 20; lines:20-21). At no time did he see any illumination of brake or tail lights. (Exhibit 2; p. 20; lines15-19). Plaintiff did not observe any movement by the USPS truck until he was directly behind it (Exhibit 1; paragraph 9) and unable to avoid being hit. (Exhibit 1; paragraph 8; Exhibit 2; p. 19; lines 3-8; p. 22; lines 5-12).

Defendant's argument must be that Plaintiff was contributorily negligent because the USPS truck was moving and Plaintiff failed to see it or that Plaintiff did not anticipate and guard against Mr. Gosk's negligence in operating the USPS truck. In the first instance, failure to see movement, at a minimum, is a dispute of material fact, and thus summary judgment is not

appropriate. In the second instance, the law does not impose a duty to anticipate another driver's negligence. Thus, summary judgment is not appropriate here.

### C. Plaintiff did not assume the risk as a matter of law

Assumption of the risk requires that: (1) the plaintiff had knowledge of the risk of the danger; (2) the plaintiff appreciated that risk; and (3) the plaintiff voluntarily confronted the risk of danger. *Thomas v. Panco Mgmt. of Md., LLC*, 423 Md. 387, 395 (2011). "The question of whether the plaintiff had knowledge and appreciation of the particular risk at issue is ordinarily a question for the [factfinder], unless the undisputed evidence and all permissible inferences therefrom *clearly* establish that the risk of danger was *fully* known to and *understood* by the plaintiff." *Id.* (internal quotation marks omitted). Thus, in order for Plaintiff to have assumed the risk of injury as a matter of law, he "must have known that the risk was actually present, not that he ... would, should, or could have known that the risk might well be present." *Id.* at 590 (internal quotation marks omitted).

Defendant bases its assumption of the risk argument on the assertion that Plaintiff appreciated the fact that the USPS truck was backing up and tried to outrun it. (Def. Motion p. 11). This is contradicted by the facts viewed in the light most favorable to Plaintiff. Plaintiff has consistently testified that the USPS truck was parked and did not begin backing up until Plaintiff was directly behind it and unable to avoid being hit. (Exhibit 1; Exhibit 2; p. 19; lines 3-8; p. 22; lines 5-12). Plaintiff's mere concern about the presence of the vehicle does not justify a finding of assumption of the risk, especially given Plaintiff's testimony that he continued to observe the truck for a period of time when it was not moving (Exhibit 1; paragraph 6). Accordingly, summary judgment is not appropriate.

Moreover, Defendant's assertion that Plaintiff appreciated the fact that the USPS truck was backing up and tried to outrun it is solely based on Defendant's belief that Plaintiff's version of the events is "simply implausible." (Def. Motion p. 10-11). Defendant's bold assertion of implausibility is directly rebutted by Plaintiff's testimony that the USPS truck was not backing up until Plaintiff was directly behind it, which must be taken as true when ruling on a summary judgment motion. The presence of this factual dispute mandates denial of summary judgment. Further, in order to find that Plaintiff's version of the events is "simply implausible," the Court must discredit Plaintiff's testimony. Issues of credibility are not appropriate for a summary judgment motion.

If anything, Plaintiff's version of the events is consistent with the evidence. The testimony only supports Plaintiff's version as Mr. Gosk was unaware of Plaintiff's existence until the impact occurred. The police report is consistent with the testimony of Plaintiff and Mr. Gosk. The photographs only show that the area in question was small, again consistent with the testimony. There is no expert testimony regarding accident reconstruction. Defendant has put forth no direct evidence to support its position that Plaintiff's version of events is "simply implausible." Summary judgment must be denied.

### III.   CONCLUSION

For the foregoing reasons, the United States' Motion for Summary Judgment must be denied.

*/s/ Wendy L. Shiff*
WENDY L. SHIFF
BEKMAN, MARDER & ADKINS, L.L.C.
300 West Pratt Street
Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 16th day of January, 2018, that a copy of Plaintiff's Memorandum of Law in Opposition to the Motion for Summary Judgment was electronically filed to:

Jane E. Andersen, Esquire
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201

*/s/ Wendy L. Shiff*
WENDY L. SHIFF

**CERTIFICATE OF REDACTION**

I HEREBY CERTIFY that this document does not contain any restricted information.

*/s/ Wendy L. Shiff*
WENDY L. SHIFF